## Lyon *vs.* Ely and others.

On a motion for a new trial, the supreme court of errors will be confined to the questions made on the trial of the cause in the court below.

Where it was claimed, on a motion for a new trial, that a deposition, which had been admitted by the court below, should have been rejected, because the notary public, before whom it was taken, had no power to exercise his office in the county within which it was taken, but the admission of such deposition had been objected to, entirely upon other grounds than this; it was held, that it must be assumed that such notary public had authority to act in the county, where the deposition was taken.

Where a notary public, before whom a deposition was taken, certified that the adverse party, living more than twenty miles from the place of caption, was duly notified, and not present; it was held, that this was sufficient evidence, in the first instance, of the fact of such notice, open however to contradiction.

Where such evidence was met, on the trial of the cause, by proof that the defendant received no express notice of the taking of the deposition, except a notice that depositions would be taken at a time and place designated for that purpose, and said deposition, as appeared from the certificate of the officer who took the same, was taken at a subsequent day, and another place; it was held, that it should be inferred, from such certificate, that the taking of such deposition was adjourned to the time and place at which it was taken, and was therefore admissible.   [One judge dissenting.]

THIS was an action of *assumpsit* on the common counts, tried before the superior court, for Hartford county, at the October term, 1855.

On the trial, the only claim made by the plaintiff, to recover of the defendants, was for a bill of tobacco claimed by him to have been sold to the defendants. It was admitted that William B., Alfred E. and Henry Ely, were at the time of the supposed sale, and ever since had continued to be partners, doing business in Hartford, under the firm of Ely & Co. It was claimed by the plaintiff that, before said supposed sale and delivery, said Ely & Co., on the one part, and one Preston on the other, had become, and, at the time of such supposed sale and delivery, were partners in purchasing and selling said tobacco, and that said tobacco of the plaintiff was purchased by them, as such partners, and that all the defendants were liable for the payment thereof.

Said Elys claimed that Preston alone acted in the purchase of the tobacco, if any such purchase was ever made, and that the plaintiff charged the same to Preston, and to him only, upon his book.

Said Elys denied that any such partnership ever existed between said firm and Preston, or that they, or either of them, were liable to pay for said tobacco.

To prove said partnership and the liability of said Elys, the plaintiff offered in evidence a deposition of the said Daniel H. Preston, and of the certificates and direction upon the same, which were as follows:

"STATE OF CALIFORNIA, ⎱
COUNTY OF PLACER, ⎰ *ss.*
TOWN OF AUBURN,

Personally appeared before me, this twenty-sixth day of March, 1853, Daniel H. Preston, signer of the foregoing deposition, and made solemn oath to the truth of the same, which was taken to be used in the case of Ezra Lyon *vs.* William B. Ely *et al.,* now pending before the county court within and for Hartford county, Conn., at the request of the plaintiff.

The reason for taking the same is, that the deponent lives more than twenty miles from the place of trial. The adverse party, living more than twenty miles from the place of caption, was duly notified and not present.

Taken by and sworn before

　　　　　　　A. BRANKE, *Notary Public,*
　　　　　　　　　　Placer Co., Cal.

And as a witness I have hereunto affixed my notarial seal this day and date as above.　A. BRANKE, *Notary Public.*

EZRA LYON, ⎱
　　*vs.* ⎰
WM. B. ELY et al.

To the honorable county court within and for Hartford county, Conn., the deposition of Daniel H. Preston, to be used in said case. Taken and sealed by

　　　　　　　A. BRANKE, *Notary Public,*
　　　　　　　　　　Placer Co., Cal.

Lyon *v.* Ely and others.

To the admission of said deposition against said Elys, as evidence of said supposed copartnership, or their liability to pay for said tobacco, they objected, upon the ground that no notice of the time, or place, for taking the same, had ever been in any wise given to them, or either of them, and that they had never had any notice of such time or place, and also upon the ground that said deposition had been taken in the absence of said Elys, and of any agent or attorney of them. There was no evidence that said Elys, or either of them, had any notice of the time or place of taking said deposition, or any opportunity of attending thereto, except that derived from the certificate of the notary by whom said deposition was taken, and from the notice.

The court found that, on the 25th day of January, 1853, notice was given, in behalf of the plaintiff, to the counsel for the defendants, that the deposition of said Preston would be taken to be used on the trial of said cause, on the tenth day of March, A. D. 1853, at his residence in the city and county of Sacramento, state of California, and that this was the only notice of the taking of said Preston's deposition ever given to the said Elys, or either of them, of the time, or place, of taking such deposition. Said Elys did not, nor did either of them, either by themselves, or by any agent or attorney, attend, or take any measures to attend, or be present at the time, or place, so designated in said notice for the taking of said deposition. The town of Auburn, at which the deposition, from the certificate of the notary, by whom the same was taken, purports to have been taken, is in the county of Placer in said state of California, and not in the county of Sacramento.

The court overruled the objection so made to the admission of said deposition, upon the ground that, in support of the magistrate's certificate, an adjournment of the taking of the deposition, from the time and place mentioned in the notice, to the time and place of the actual taking, might be presumed. The deposition was thereupon received in evi-

dence, and read to the jury, who rendered a verdict in favor of the plaintiff. Said Elys thereupon filed a motion for a new trial, and the case was reserved for the advice of this court.

*Hungerford & Cone*, and *Hubbard*, in support of the motion.

1. The defendants had no notice of the time, or place of taking the deposition. 2. The deposition being taken at a different time, place and county, from the one mentioned in the notice to their counsel, the court could not lawfully presume, from the certificate of the magistrate, any adjournment of the taking said deposition, from the time and place mentioned in the notice, to the time and place of the actual taking of said deposition. 3. The notary, by whom said deposition was taken, in the county of Placer, had no authority to act as such, in the county of Sacramento ; at least there was no proof that he had any such authority, nor any such legal presumption ; or that he had any power to adjourn, as presumed by the court.

*Welles & Strong*, against the motion.

1. The plaintiff has done all the statute requires ; has given the requisite notice to the defendant. The certificate of notice is in the usual form. 2. The defendants neither attended, nor took any measures to attend, or to procure the attendance of any agent, or attorney, at the time and place designated in the notice. They have no cause of complaint that the deposition was taken in their absence. 3. The presumption that there was an adjournment, in support of the magistrate's certificate of notice, was rightfully adopted by the superior court. Unless an adjournment is presumed, the magistrate's certificate is false.

STORRS, J. The only question in this case respects the admissibility of the deposition, objected to by the defendants on the trial.

It appears that the deposition was taken by a notary public, in the county of Placer, in the state of California; and the defendants have claimed before us that it was inadmissible, on the ground that he had no power, by the laws of that state, to exercise his office in that county. No facts, in regard to the power of that officer under those laws, are presented to us, by the superior court, on this motion. If this point were properly before us, we are not satisfied, by the reference which has been made to those laws, that the notary had not a right to act as such, in that county. But the deposition was objected to, on the trial, upon other grounds, and this question was not there made. It, therefore, cannot be considered by us. By our rules, we confine ourselves, on motions for a new trial, to the questions made below; and one of the principal reasons on which that rule is founded, viz: that a claim, or objection, if it had been made on the trial, might have been obviated, applies fully to this case. It must, therefore, be assumed that the notary had authority to act where the deposition was taken. The only other question made before us, is, whether it sufficiently appeared that the defendants were notified of the time and place of taking it. The import of the certificate of the notary, although it is elliptically expressed, is, according to the effect which our courts have always given to such certificates, sufficient evidence, in the first instance, of the fact of such notice, open, however, to contradiction. That evidence was met by the defendants, on the trial, by proof that they received no other express notice than that the deposition would be taken at the place, and time, which was designated in the original notice, for that purpose. It was taken at a subsequent day, and at another place. That proof rebutted the evidence furnished by the certificate, unless it ought to be inferred, from the latter, that the taking of the deposition was adjourned to the

time and place at which it was taken; in which case there would be no contrariety between such proof and the certificate. It was clearly competent for the notary to adjourn the taking of the deposition, nor do we perceive any objection to his adjourning it to a different place than that originally designated for that purpose; and if he did so, the defendants, who were a party to the proceeding, and had had notice to be present, would be deemed to be cognizant of such adjournment, and the notary might well certify, as he has done, that they were notified of the time and place at which the deposition was taken. The judge below adopted the inference that there was such an adjournment; and in this was, in our opinion, correct. The defendants were notified of the time and place originally appointed for the taking of the deposition. It was taken at a subsequent time, and at another place, of both of which the notary states, in his certificate, that the defendants were duly notified. On the supposition that he had adjourned the proceeding, that certificate is true; on any other it would be false. Under these circumstances, we think that it was the duty of the judge below to give such a construction to the certificate, if it would fairly admit of it, as to reconcile it with the evidence that had been adduced. Such a construction did no violence to the language of the certificate, but was compatible with it. As it is apparent in this case, from the certificate of the notary, that he was aware of the necessity of a notice to the defendants, of the time and place of taking the deposition, it would be an imputation upon him of gross impropriety, if the construction of his certificate, claimed by the defendants, were to prevail; and we think that it would be unreasonable to give it such a construction. A certificate of this character is not required to be made with all the particularity and technicality of entries of judicial proceedings, and is to receive only a fair and reasonable construction. There is no improbability in supposing, what indeed is not unfrequently the case, that the absence of the witness from

Lyon *v.* Ely and others.

the place originally designated for the taking of the deposition, or his residence elsewhere, rendered an adjournment convenient, or necessary. Indeed, from what appeared, we think it was fair to presume that such was the case. If it had appeared that the witness was at Sacramento, at the time originally fixed, the case would be different, and it might be proper to require more explicit proof of an adjournment. But, in the absence of any evidence on the subject, it is much more probable that the plaintiff was mistaken as to the place where the witness then resided, and that the proceeding was adjourned in consequence of it, than that the notary should have abandoned the taking of the deposition under the original notice, and proceeded to take it *de novo;* especially as it was taken but a very few days after the time first fixed, and there was no opportunity to confer anew with the plaintiff.

We therefore do not advise a new trial.

In this opinion, HINMAN, J., concurred. ELLSWORTH, J., dissented.