### DURGIN v. SMITH.

1. CONTRACTS — STATUTE OF FRAUDS — AGREEMENTS NOT TO BE PERFORMED WITHIN ONE YEAR.

   A merchant's parol promise to supply a customer, on specified terms, with what goods he may want, is not within the provision of the statute of frauds declaring void every oral agreement that, by its terms, is not to be performed within one year from the making.

2. SAME—PROMISE TO PAY ANOTHER'S DEBT—INDEPENDENT CONSIDERATION.

   A parol agreement to pay the debt of a third person is not void under the statute of frauds where there is a consideration passing to the promisor.

| | |
|---|---|
| 115 | 239 |
| 118 | 639 |
| 115 | 239 |
| s73NW | 361 |
| s133 | 331 |
| 115 | 239 |
| e140 | 4444 |
| 115 | 239 |
| 149 | 4294 |

3. SAME—MUTUALITY.

    A promise by stockholders in an insolvent corporation to pay a debt of such corporation is a sufficient consideration for an agreement by the creditor to continue to furnish goods exclusively to a new corporation in which the promisors are also stockholders

4. PARTIES—EFFECT OF MISJOINDER.

    A misjoinder of defendants in an action *ex contractu* will not, in view of 2 How. Stat. § 6409, and Cir. Ct. Rule No. 27, adopted pursuant thereto, operate to abate the suit, though all were joined in a single count.

Error to Wayne; Hosmer, J. Submitted October 6, 1897. Decided December 15, 1897.

*Assumpsit* by William B. Durgin against Frank G. Smith, Sr., Frank G. Smith, Jr., and F. G. Smith & Sons, a corporation, for goods sold and delivered. From a judgment for defendants on verdict directed by the court, plaintiff brings error. Reversed.

*Bowen, Douglas & Whiting*, for appellant.

*Moore & Goff*, for appellees.

MONTGOMERY, J. At the close of the plaintiff's testimony, the circuit judge directed a verdict for the defendants, and plaintiff brings error.

The plaintiff counted on and offered testimony tending to show the following state of facts: In February, 1894, a corporation known as F. G. Smith, Sons & Co. was engaged in the business of buying and selling jewelry, silverware, etc., at Detroit. Plaintiff was engaged at Concord, N. H., in the manufacture and sale of sterling silverware. The corporation of F. G. Smith, Sons & Co. was indebted to plaintiff in the sum of $4,601.99. F. G. Smith, Sons & Co. had given a chattel mortgage on its stock, and the failure of the corporation was imminent. The plaintiff visited Detroit, and it was agreed by F. G. Smith, Sr., and F. G. Smith, Jr., that they would pay him the entire amount of the F. G. Smith, Sons & Co.

indebtedness, with interest at 6 per cent. semi-annually until it was all paid, and plaintiff on his part agreed to sell them what goods they wanted, and they were to pay cash at 30 days for all they bought, and plaintiff also agreed to let them have his goods exclusively in Detroit. The Smiths afterwards organized a new corporation, under the name of F. G. Smith & Sons, and plaintiff furnished this corporation his goods in pursuance of the engagement.

We have stated the purport of plaintiff's testimony, in case the jury should adopt the construction of it most favorable to his case, as we are bound to do in this hearing. It should be stated that it is a question for the jury as to whether the promise was intended as a promise by the Smiths on their own behalf, or whether, on the other hand, it was understood and intended as a promise of F. G. Smith, Sons & Co., and also whether the promise of plaintiff to furnish exclusively to the new concern the goods of his manufacture was given in consideration of the Smiths' promise to pay all indebtedness. The question is whether, accepting the statement of plaintiff, and giving it the construction most favorable to him, it was an engagement entered into by the Smiths on their own behalf or on behalf of the new company to pay the debt of the old concern. It is clear, as we think, that the promise did not bind the new concern of F. G. Smith & Sons in the first instance. This new corporation was not then formed, and when formed it had stockholders who were not concerned in the old company, and who are not shown to have assented to any such arrangement. If reliance is placed on a letter written by F. G. Smith, Jr., the same informality exists, i. e., want of authority to make such engagements on behalf of the new company.

The circuit judge was of the opinion that no liability was shown on the part of defendants Smith for two reasons: (1) If the promise be treated as an original one, it was void for lack of mutuality. (2) If it be treated as a collateral promise, it was invalid for want of considera-

tion. The first conclusion was based upon the view that the promise of the plaintiff to furnish his goods to the new concern was not to be performed within one year. The promise made by plaintiff did not, in terms, provide for a longer period than one year. It was an agreement to continue to furnish the new concern goods exclusively upon certain terms. Section 6185, 2 How. Stat., provides that any oral agreement which, by its terms, is not to be performed within one year from the making thereof, shall not be binding. This engagement on the part of plaintiff is not within the statute. It was operative for such time as the defendants chose to avail themselves of. It might be less than a year. *Sword* v. *Keith*, 31 Mich. 247; *Carr* v. *McCarthy*, 70 Mich. 258.

Was the engagement binding upon the plaintiff? If not, the circuit judge was right in holding that there was no consideration for the promise. The purport of the plaintiff's engagement was that he would supply the wants of the Smiths for such indefinite time as they should desire, at the terms of 30 days, and should not sell others in Detroit. It is true there was no amount agreed upon, but the option as to the amount of purchases rested with the Smiths. The plaintiff meantime had, however, bound himself not to sell to the competitors of the Smiths. If this were all of the transaction, the agreement might be void for want of mutuality, as no corresponding promise of the Smiths to take any amount of the plaintiff's product is shown as furnishing a consideration for the promise of plaintiff. *American Cotton Oil Co.* v. *Kirk*, 15 C. C. A. 540, 68 Fed. 791; *Wilkinson* v. *Heavenrich*, 58 Mich. 574. But that is not the whole transaction. An independent consideration for the plaintiff's promise was furnished in the promise of the defendants Smith to pay the indebtedness of the old company. See *Cooper* v. *Wheel Co.*, 94 Mich. 272. The case is distinguishable from *Ruppe* v. *Peterson*, 67 Mich. 437. In that case the promise to extend credit was indefinite, and incapable of being enforced, and there was no agreement for exclusive right to

sell goods of plaintiff's manufacture, as in this case. The case is not within that provision of the statute of frauds declaring void any promise to answer for the debt of another. This agreement was entered into for the benefit of. the Smiths, upon a consideration passing to them, and in such case an oral promise is valid, even though the original debtor remains liable. *Calkins* v. *Chandler*, 36 Mich. 320 (24 Am. Rep. 593); *Michigan Slate Co.* v. *Railroad Co.*, 101 Mich. 14; *Leonard* v. *Vredenburgh*, 8 Johns. 37 (5 Am. Dec. 317).

It is contended by the defendants that a joint action cannot be maintained against all the defendants, and that, all having been joined in a single count, judgment should pass in favor of all. Cir. Ct. Rule 27 was adopted with a view of preventing a mistrial in just such cases, and is based upon the authority of section 6409, 2 How. Stat., which confers power upon this court to adopt rules having the purpose to prevent the defeat or abatement of any civil suit on contract for either misjoinder or nonjoinder of parties, where the same can be done consistently with justice.

The judgment will be reversed as to defendants Smith, and a new trial ordered. The judgment in favor of F. G. Smith & Sons, corporation, will be affirmed. Plaintiff will recover costs against the Smiths.

The other Justices concurred.