MUMMENHOFF v. RANDALL.

[No. 1,955. Filed January 11, 1898.]

CONTRACTS.—*Mistake.—Sales.*— Mutual assent is necessary to the formation of a contract, and where the minds of the contracting parties never met on a proposition made by the seller of merchandise on account of a mistake in the price quoted, such mistake goes to the essence of the agreement and excludes assent, and thereby prevents the formation of the contract. *pp. 47, 48.*

SAME.—*Mistake.—Implied Agreement.—Sales.*—Where a buyer after being informed of a mistake in the price quotation of merchandise shipped him, and of the price which the seller intended to quote, at which price the buyer must receive it or not receive it at all, receives and disposes of the merchandise, he will be liable for the price intended to be quoted. *p. 48.*

APPEAL AND ERROR.— *Longhand Manuscript of Evidence. — How Made Part of Record.*—The record must affirmatively show that the longhand manuscript of the evidence was filed in the clerk's office prior to its incorporation in the bill of exceptions. *pp. 48, 49.*

From the Marion Circuit Court. *Affirmed.*

*Herod & Herod,* for appellant.

*Ferdinand Winter,* for appellee.

HENLEY, J.—On the 1st day of October, 1894, the appellee, residing at Oxford, Mich., sent through the mail the following letter: "Oxford, Mich., Oct. 1, 1894. Mummenhoff Co., Indianapolis, Ind. Gentlemen: Can we not get to doing some business? I quote you the following low price on potatoes, either in straight cars or in mixed, part of each kind of vegetables. Would quote you potatoes at 35 cts., rutabagos 25 cts., 62 No. carrots 35 cts., 55 No. onions, either red or yellow. The carrots are both long and yellow. The price on delivered track Indianapolis. My certified weights guaranteed within 2 per cent. Yours truly, C. L. Randall, per N. B." This letter was dictated by appellee to a stenographer, who wrote the same out on a typewriter, and by the mistake and inadvertence of the stenographer in typewriting the same from her stenographic notes she wrote in said letter the price of potatoes at 35 cts. per bushel, instead of the price of 55 cts., as was dictated to her by appellee. This letter was received by appellant at Indianapolis, Ind., on the 2d day of October, 1894, and appellant at once sent to appellee an order by mail as follows: "Indianapolis, Oct. 2, 1894. Mr. C. L. Randall, Oxford, Mich. Dear Sir: We are in receipt of your favor of the 1st inst. Please ship us two or three cars of potatoes at your earliest convenience, at price quoted. If you have good stock, we shall give you a good many of our orders. Resp'y, Mummenhoff & Co."

Appellee, upon the receipt of the said order, and being ignorant of the mistake of the stenographer, as before set out, accepted appellant's order as being an order for the number of cars of potatoes mentioned by

appellant, and as being at the price of 55 cents per bushel, and on the 3d day of October, 1894, shipped to appellant one car of potatoes containing 405½ bushels, and at the same time transmitted by mail to appellant at Indianapolis, Indiana, a bill therefor, in which bill the appellant was charged with the number of bushels of potatoes shipped at 55 cents per bushel. Two days afterward, on the 5th day of October, 1894, appellee shipped to appellant still another car of potatoes containing 417 5-6 bushels and transmitted by mail at the same time to the appellant a statement of such shipment in which the appellant was charged with the amount of the potatoes therein shipped at 55 cents per bushel. On the 6th day of October, 1894, appellant, having received the bills covering the two shipments of October 3d and 4th, and finding that the potatoes were therein charged to him at 55 cents, telegraphed to appellee as follows: "Indianapolis, Ind., Oct. 6, 1894. To C. L. Randall, Oxford, Mich. You offered potatoes thirty-five, billed at fifty-five. Explain. Mummenhoff & Co." The receipt of this message by appellee was his first knowledge of the mistake of his stenographer in the letter of October 2d, and neither car of potatoes having yet arrived at Indianapolis, their destination, appellee immediately telegraphed appellant as follows: "October 6, 1894. To Mummenhoff & Co., Indianapolis, Ind. My quotation was fifty-five cents delivered. Potatoes cost forty-five here. Second car on road. If can't use as billed, will give directions. C. L. Randall."

Notwithstanding appellee's telegram, appellant received, accepted, and used the two cars of potatoes, and, knowing that the quotaion of 35 cents in the letter of October 2d was a mistake, refused to settle upon any basis other than thirty-five cents per bushel.

Appellee began this action against appellant in the lower court, basing his first paragraph of complaint upon the facts as we have detailed them. The second paragraph of complaint demanded the reasonable value of the potatoes alleged to have been sold and delivered to appellant at his special instance and request. Appellant demurred to the first paragraph of complaint. The paragraph was held sufficient. An answer of three paragraphs was filed, to each of which appellee demurred. The lower court sustained the demurrer to the second paragraph of answer. There was a trial and a finding for appellee, and, over appellant's motion for a new trial, judgment was rendered in favor of appellee. Appellant's assignment of errors brings before this court for review the rulings of the lower court upon the demurrer to the first paragraph of complaint, the demurrer to the second paragraph of answer and the overruling of the motion for a new trial.

The demurrer to the first paragraph of appellee's complaint was properly overruled. Under the allegations of this paragraph of complaint the minds of the contracting parties never met upon a proposition to sell potatoes at thirty-five cents per bushel, because it is alleged that the price was a mistake and that it was so understood by appellant to whom it was made. "As mutual assent is necessary to the formation of a contract [i. e., of sale] it follows that an error or mistake of fact in that which goes to the essence of the agreement, and therefore excludes such assent, prevents the formation of the contract, since each party is really agreeing to something different, notwithstanding the apparent mutual assent." 21 Am. and Eng. Ency. Law. 459.

We think it is plain that there was no contract by appellee to sell the potatoes at thirty-five cents per

bushel and the complaint alleges that appellant knew when he received the offer that it was a mistake; he knew that appellee had not, in fact, offered the potatoes at that price, and appellant, in his letter ordering the potatoes to be shipped "at price quoted" failed to mention to appellee the price that had been quoted; consequently it cannot be said that appellee, in acting upon appellant's order, in any way adopted the price so mistakenly quoted. But, under the allegations of the complaint appellant afterwards became liable to appellee for the potatoes at fifty-five cents per bushel, because appellant received the potatoes as his property after being notified of the mistake in the quotation, and after notice of the price at which he must receive them or not receive at all. If appellant had received the potatoes and disposed of them in ignorance of the mistake made in the quotation or, knowing of the mistaken quotation, had not been informed of the price expected by appellee, an entirely different case would be presented from the one presented by the first paragraph of the complaint.

The second paragraph of answer was clearly insufficient, and for that reason alone the objection that the demurrer was not in proper form cannot avail the appellant. *Blue* v. *Capital National Bank,* 145 Ind. 518; *Field* v. *Brown,* 146 Ind. 293.

The other questions argued by counsel arise upon the motion for a new trial, and depend for their solution upon the evidence. Counsel for appellee contend that the evidence is not in the record. Their contention must be sustained. The rule is well settled by a long line of decisions of this court and of the Supreme Court of this State, that the record must affirmatively show the filing of the longhand manuscript of the evidence in the clerk's office prior to its incorporation in

the bill of exceptions. The record in this case affirmatively shows the contrary. It shows that the bill of exceptions was filed on the 21st day of September, 1895, and contained the longhand manuscript of the evidence. If the longhand manuscript of the evidence was ever filed in the clerk's office, the record is silent upon the subject. The evidence is not properly in the record. *Manley* v. *Felty*, 146 Ind. 194; *Pittsburgh, etc., R. W. Co.* v. *Cope*, 16 Ind. App. 579. We find no error presented by the record. Judgment affirmed.