DURGIN v. SMITH.[1]

| 133 | 331 |
| 135 | ²666 |
| 133 | 331 |
| 139 | 50 |

1. PROMISE ON BEHALF OF PROPOSED CORPORATION—PERSONAL LIABILITY.

Even if a promise that a corporation which the promisors contemplate organizing shall perform certain undertakings is not binding on such corporation, it not being in existence at the time, this does not make the promisors personally liable.

2. CONTRACTS—MISUNDERSTANDING—EVIDENCE.

That there was a misunderstanding between the parties as to what was agreed to between them can be deduced only from the language used, not from the testimony of one that his understanding was different from the claim of the other.

Error to Wayne; Brooke, J. Submitted February 18, 1903. (Docket No. 93.) Decided May 29, 1903.

*Assumpsit* by William B. Durgin against Frank G. Smith, Sr., and Frank G. Smith, Jr., upon an alleged promise to pay the debt of a third person. From a judgment for plaintiff, defendants bring error. Reversed.

*Moore & Goff*, for appellants.

*Bowen, Douglas, Whiting & Murfin*, for appellee.

HOOKER, C. J. A review of a former trial of this cause will be found in 115 Mich. 239 (73 N. W. 361), where an outline of the facts of the case can be found. Upon a second trial the jury rendered a verdict for the plaintiff, and the defendants have appealed.

The plaintiff's contention is that the defendants personally promised to pay plaintiff's claim against the insolvent corporation in consideration of plaintiff's promise to sell his goods to a new corporation, which the defendants contemplated forming.. The defendants claim that their promise was not their personal promise to pay, but a

[1]Rehearing denied September 22, 1903.

promise that such proposed corporation would pay. The testimony of the parties supported their respective claims. Plaintiff, having furnished goods to the new corporation, brought this action upon the contract, and the only important question was one of fact, viz., whose version of the oral agreement was true. The court submitted this question to the jury. He followed the charge proper by giving requests handed up by both parties; among them the following, viz., plaintiff's request No. 5:

"If you find that the defendants made a promise to pay to the plaintiff the existing indebtedness of F. G. Smith, Sons & Co., and the plaintiff on his part kept his promise to sell exclusively to the defendants, or such concern as they should thereafter organize, and even if you find that such promise was made with the intent on the part of the defendants to bind a corporation which they contemplated organizing thereafter, then, inasmuch as they could not bind such future corporation, having no authority to do so, they are individually liable on such promise so made, and your verdict should be for the plaintiff for the amount stated."

He afterwards gave defendants' ninth request, as follows:

"The plaintiff testifies that the defendants, Smiths, agreed to pay the old account, and pay interest at the rate of six per cent. semi-annually, and to pay in thirty days for all goods purchased, he on his part to sell them such goods as they wished, and to give them the exclusive sale of his goods. In order to make a valid contract, the minds of the parties must meet and agree upon the terms of the contract. If the jury find that the plaintiff and defendants did not agree as to the main features of the alleged agreement, the plaintiff cannot recover."

These requests are inconsistent with each other, and a jury would be likely to understand from the former that, although the defendants did not intend to bind themselves personally, and did not agree to do so, they would still be liable, because they could not bind the corporation, inasmuch as it was not yet in existence. We need not discuss the question whether it was possible to bind such corpora-

tion. The substance of this request and instruction was that the jury must find this promise binding on defendants personally, whether they made a promise to pay personally or not. This was erroneous.

Several other questions are raised. It is contended by defendants that the request already held erroneous did violence to the rule that the minds of the parties must meet, to make a binding contract. If the testimony, taken as a whole, can be said to have justified the conclusion that there was a misunderstanding between the parties as to whether this was a promise that the defendants should pay, or that it should be an obligation of the new corporation only, the plaintiff had failed to prove a binding contract. Such a deduction could be drawn only from the language used, not from testimony of one of the parties that his understanding was different from the claim of the other. *Booth* v. *Bierce,* 38 N. Y. 463 (98 Am. Dec. 73); *Miller* v. *Lord,* 11 Pick. 11, 23; *Woollam* v. *Hearn,* 7 Ves. 211; *Higginson* v. *Clowes,* 15 Ves. 520; *Winchester* v. *Howard,* 97 Mass. 303 (93 Am. Dec. 93). We have not had called to our attention any evidence which justifies the conclusion that there was any such question in the case. It seems to have been a question of what was said, rather than what was intended by the parties; and in this connection it is proper to say that the questions covered by assignments 1 to 5, inclusive, were correctly disposed of. The letters mentioned show what they referred to, and it was not for the defendants to place a construction upon them by indicating an intention to admit only the liability of the corporation.

It is unnecessary to discuss other assignments.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.