## SEIGLE v. HAMILTON-CARHARTT COTTON MILLS.

No. 10730—Opinion Filed Dec. 19, 1922.

Rehearing Denied March 20, 1923.

(Syllabus.)

1. **Contracts—Unilateral Mistake.**

Where one party to a contract has made a mistake, but this mistake is not known to the other party to the contract, it does not invalidate the contract.

2. **Sales — Unilateral Mistake — Refusal to Deliver—Remedies of Buyer—Damages.—Waiver.**

Where a valid contract for the purchase of goods has been entered into, and vendor claims a mistake has been made and refuses to deliver under the contract, the purchaser has the right to purchase the goods on the open market and the purchase of the same goods from the vendor at an advanced price does not waive purchaser's right to sue for damages for breach of the original contract.

Error from District Court, Caddo County; Will Linn, Judge.

Action on open account by the Hamilton-Carhartt Cotton Mills against L. Seigle. Judgment for plaintiff, and defendant brings error. Modified and affirmed.

Ira F. Hodson and Louie E. McKnight, for plaintiff in error.

Morris & Jameson, for defendant in error.

COCHRAN, J. This was an action commenced by defendant in error in the district court of Caddo county, for the recovery of $888.24 on an open account for goods sold and delivered to plaintiff in error. Parties will be hereinafter designated as they appeared in the trial court.

The defendant admitted that he ordered the goods set out in the open account, from the plaintiff, on August 14, 1917, and they were delivered to and accepted by him; but alleges that on the 27th day of August, 1916, A. D. Peterman, as the authorized agent of the plaintiff, by letter, offered to sell defendant overalls for $13 per dozen, to be delivered at any time up to and including December 30, 1917; that on the 5th day of September, 1916, the defendant, by letter, accepted the offer and purchased of the plaintiff fifty (50) dozen Carhartt overalls, and on July 17, 1917, directed the plaintiff to make shipment of such goods, and the plaintiff refused to ship the same; that there was no other place where defendant could procure these goods, and on August 14, 1917, defendant wired the plaintiff to ship the order of July 17, 1917, at the market price, the same being at that time $18 per dozen. Defendant alleges that, by reason of the breach of the contract on the part of the plaintiff, and refusal to ship the overalls under the original contract, he was damaged in the sum of $250, and alleges that he had made the tender of the balance due the plaintiff on the open account, and in his pleading tenders for the benefit of the plaintiff the sum of $510.93 with interest.

Defendant also alleges that in April, 1917, he ordered several dozen overalls from the plaintiff, and they were shipped to defendant at the market price at that time, which price was more than the price quoted in the letter of August 27, 1916.

The plaintiff replied, denying the authority of Peterman to make the contract of 1916, and alleged further that the letter written by Peterman on August 27, 1916, did not express the intention of the said Peterman, for the reason that there was a clerical mistake in said letter, and that instead of reading that the overalls were to be shipped as late as December 30, 1917, should have read December 30, 1916, and that by reason of this mistake there was no meeting of the minds of the parties and no binding contract; that after receiving the order of July 17, 1917, plaintiff wrote defendant calling attention to the mistake which had been made in Peterman's offer, and, after being notified of the mistake and with full knowledge of the claims of the plaintiff, the defendant allowed plaintiff to ship said order to him at the market price of $18 per dozen and accepted the goods which were so shipped; that by reason thereof, the defendant was barred and estopped from urging any defense to plaintiff's action for the market value of said goods.

The case was tried to the court without a jury and the court found that defendant, having received, accepted, and paid for goods of the same kind in April, 1917, at the market price at that time, and having been advised that there was a mistake as to the date of delivery in Peterman's letter of August 27, 1916, and, after receiving notice of this mistake, having ordered the goods shipped to him at the market price of $18 per dozen, and having received and accepted said goods, was barred and estopped from denying liability for the full amount prayed for in plaintiff's petition. Upon this finding judgment was entered for the plaintiff for the full amount of its account.

The defendant in this appeal has challenged the correctness of the judgment of the trial court on the ground that the same is not sustained by the evidence. A concise statement of the facts is as follows:

Peterman was a traveling salesman for the plaintiff, and was authorized to make contracts for the sale of overalls and the orders taken by him did not have to be approved by the home office. The testimony of the plaintiff's witnesses shows that Peterman was never authorized to make a contract for delivery at a period 16 months after the contract was made; but his action was within the apparent scope of his authority and binding on his principal. On August 27, 1916, he quoted a price to the defendant for delivery as late as December 30, 1917, and defendant, by letter, accepted the offer and notified Peterman to book him for fifty (50) dozen overalls. In the early part of 1917, the defendant ordered a few dozen overalls from the plaintiff, and the same were shipped to defendant and accepted by him, and plaintiff billed the goods to the defendant at $15 per dozen. Defendant wrote plaintiff insisting that the goods should be billed to him under contract of September, 1916, and correspondence ensued between Peterman and Seigle and the plaintiff and Seigle, in which Peterman first denied that he had written any letter giving the delivery date as late as December, 1917; but after a photographic copy of the letter was made and sent to the plaintiff, Seigle was then advised by the plaintiff that the dating "December, 1917," in Peterman's letter, was an error, and that the same should have read December, 1916, and that it would have been impossible for them to have given quotations months ahead of time.

After receiving this letter, on July 30th, defendant sent a message and received a reply as follows:

"Manager out of town."

On August 14th defendant wired:

"Wire definite answer. You will or won't ship order July twenty-first."

The plaintiff replied:

"Your telegram. Will not ship order July twenty-first."

After receiving this telegram, the defendant sent the following message:

"Ship order July twenty-first at market price. Wire reply."

It is contended by defendant in error that, the mistake having been made by Peterman in his letter of August. 1916, the minds of the parties never met and there was no contract, and cites section 898. Revised Laws of Oklahoma. 1910. The rule is that if the mistake of one party to the contract is not known to the other, it can have no effect on the contract. Griffin v. O'Neil, 47 Kan. 115, 27 Pac. 826; Griffin v. O'Neil, 48 Kan. 117, 29 Pac. 143.

It is our opinion that the record discloses a valid contract on the part of the plaintiff to deliver to defendant 50 dozen overalls at $13 per dozen not later than December 30, 1917. The question to be determined is, whether the actions of the parties subsequent to the making of that contract are sufficient to constitute a waiver on the part of the defendant of his rights under that contract.

The defendant in error relies on the case of Mummenhoff et al. v. Randall (Ind.) 49 N. E. 40, but that case is to be distinguished from this case. It appears from the statement of facts set out in the opinion that a mistake was made in the quotation of the price and the purchaser had knowledge of the mistake. The court held that there was no valid contract. In the instant case the record shows a valid contract for the delivery of fifty (50) dozen overalls at $13 per dozen, to be delivered not later than December 30, 1917. Upon the refusal of the plaintiff to ship the overalls under the 1916 contract, the defendant had a perfect claim for damages; and when, in order to secure the overalls, he ordered them out at the market price, which was $5 per dozen more than the price agreed upon in the original contract, and the goods were shipped under this order and accepted by the defendant, he received only what had been bargained to him at the lower price, and the new promise was without consideration. Erwin v. Harris (Ga.) 12 S. E. 513; Davis & Co. v. Morgan (Ga.) 43 S. E. 732; Holland Paper Co. v. Foote & Davies Co. (Ga.) 45 S. E. 375.

In order to constitute a waiver of the right to sue for damages for the breach of contract, the party not in default himself must yield acquiescence in the breach. Croak v. Trentman, 50 Okla. 659, 150 Pac. 1088. Waiver necessarily assumes the existence of an opportunity for choice between the relinquishment and the enforcement of the right.

Having concluded that the action of the defendant did not waive his rights under the original contract, it is our opinion that the judgment of the trial court should be modified by reducing the amount of the recovery in the sum of $250, and the amount of the judgment after making such deduction having been tendered plaintiff by the defendant, the plaintiff should pay all costs of the case both in the lower court and on appeal, and it is so ordered.

HARRISON, C. J., and MILLER, KENNAMER, and NICHOLSON, JJ., concur.