### SMITH et ux. v. STEVENS et vir.

No. 28552. Nov. 1, 1938

Rehearing Denied Nov. 15, 1938.

John T. Levergood, for plaintiffs in error.

E. C. Stanard, Leonard Carey, and Norton Stanard, for defendants in error.

BAYLESS, V. C. J. Eva Stevens and husband brought an action in the district court of Pottawatomie county against G. E. Smith and wife for equitable relief from a deed given to certain real estate. Judgment was for plaintiffs canceling the deed, and defendants appeal.

The facts generally are these: Eva Stevens' father owned 80 acres of land from which a small two-acre tract was carved out, and which was leased and developed for oil. There were eight wells on the 80 acres, or two wells to each 20 acres. Then a portion of the royalty rights were sold. The father then conveyed the remainder of his royalty in the 80-acre tract to his four children, including Eva Stevens, in common. This conveyance contained a clause forbidding any of the grantees to convey away without the written consent of the others. Thereafter, the father conveyed to each child, by warranty deed, a 20-acre tract, and Eva Stevens received the 20-acre tract involved herein. The defendants were neighbors to this tract. Eva Stevens lived in Arkansas. May 8, 1936, Eva Stevens wrote Mrs. Smith as follows:

"How are you all we are all well. Dosha I am going to leave here and if Garrett wants the place for 5 years he can have it for $35.00. Send it to me here. Don't send a check send a money order try to get it here by 15. For we leaving the 16th. We are going to Calif. And I don't know when I will come back. I have been sick ever since we came down here. I have got ashama, it is to wet and damp here so we are leaving I don't want to fool with the place because I don't ame to come back any ways soon."

This offer was accepted and the deal consummated September 21, 1936, Eva Stevens wrote defendant as follows:

"You can have it the place for $100.00

be sure and send a money order for I have a time chacking a check here You pay all you can down for I need it to pay Doc. Bills $50.00 if you or all if you want to. I sure need it. Well I will close for I want to get it off in the mail."

Defendants had a warranty deed, conveying a fee-simple title, prepared and sent it and $100 to Arkansas. The deed was executed by Eva Stevens and husband and returned to defendants, and the Stevens received the money. Defendants recorded the deed and demanded and received the royalty. Thereupon, the action was brought.

The plaintiffs brought the action to reform the deed, but the trial court treated the action as being for rescission and cancellation. This was the proper view. See Dzuris v Pierce, 216 Mass. 132, 103 N. E. 296, wherein it is said:

"It is an elementary principle of the law of contracts that if one party thinks he is buying one thing, and the other party thinks he is selling another thing, there is no meeting of minds on the subject matter of the sale. When there is no agreement as to the identity of the subject matter of the contract, there can be no contract. * * * Where a conveyance has been made based upon such a misunderstanding, even though it may be innocent on both sides, equity in proper cases will grant relief. * * * This brand of equitable relief is distinct from the reformation of contracts entered into by mistake, which must be mutual by all parties before relief can be granted."

In our case there is no difference of opinion as to the identity of the property sold, but rather as to the quantity.

The trial court canceled the deed upon three grounds: (1) Intellectual incompetency of Eva Stevens to understand the legal effect of the deed she executed; (2) grossly inadequate consideration, shocking the conscience; and (3) she did not intend to convey more than the fee to the surface and intended to reserve the royalty rights for herself.

The members of her family undertook to make the trial court believe that Eva Stevens was not competent to transact business. The trial court did not so find, although he did conclude that she did not know the difference in legal effect between a mineral deed and a warranty deed such as she made. This is not sufficient, under the cases to be cited, to entitle her to relief. To all appearances she was sui juris, and she contracted with respect to other property she owned. She sought no information or advice, and was not in any wise induced by defendants to do what she did. In the course of her testimony she endeavored, by innuendo, to accuse Smith of fraud, but it is only fair to him to say that there is no evidence to justify this charge.

Nor do we think the consideration was so grossly inadequate as to shock the conscience of the court. The plaintiffs' contention is that the consideration was only 1/15th the value of the property The defendants by evidence put a much lower value on the property, thereby making it appear that they paid a substantial portion of its value. There is an excellent discussion of adequacy of consideration in 12 Am. Jur. 615, sec. 122, as follows:

"The legal sufficiency of a consideration for a promise does not depend upon the comparative economic value of the consideration and of what is promised in return. The rule that the adequacy of the consideration is immaterial has been undoubted ever since the concept of consideration began to be developed. The reason is that the parties are deemed to be the best judges of the bargains entered into. As Hobbes says, the value of all things contracted for is measured by the appetite of the contractors. Accordingly, the courts do not ordinarily go into the question of equality or inequality of consideration, but act upon the presumption that parties capable to contract are capable of regulating the terms of their contracts, **granting relief only when the inequality is shown** to have arisen from mistake, misrepresentation, or fraud. A different rule would, in every case, impose upon the court the necessity of inquiring into, and of determining the value of, the property received by the party giving the promise. Such a course is deemed to be impracticable. In all cases, therefore, where the assumption or undertaking is founded upon the sale or exchange of merchandise or property, or upon other than a pecuniary consideration, and the promise has been deliberately made, the law looks no further than to see that the obligation rests upon a consideration, that is, one recognized as legal."

See the cases under note 16 of sec. 122, supra.

We desire to point out that there is no fraud, misrepresentation, or inducement on defendants' part In so far as the record is concerned. Eva Stevens wrote to them and offered "the place" for $100. She was the moving party. They discussed the matter earlier, but beyond evidence that such a conversation occurred there is nothing of what was said.

We come now to the intent of Eva Stevens. She says she never intended to convey her mineral interest. Unimpeached in any wise, the deed she gave did very effectually convey the mineral rights in the 20 acres. The issue is: Has she sufficiently impeached the deed? Her letter containing the offer has no reservations. The deed contained none. She saw and read the deed. She says she did not know that such an instrument would include the mineral interest as well as the surface. Therefore, her mistake was not of fact, but of law. 'She knew all of the facts, but failed to comprehend the effect in law of what she did.

Under the rule announced in Seigle v. Hamilton, etc., Co., 89 Okla. 68, 213 P. 305; Campbell v. Newman, 51 Okla. 121, 151 P. 602; Palmer v. Culley, 52 Okla. 454, 153 P. 154; Barnett v. Douglas, 102 Okla. 85, 226 P. 1035, and Sawyer v. Bahnsen, 102 Okla. 41, 226 P. 344, a mistake of law is not an equitable ground for rescission and cancellation. Whatever her intention was, which remained hidden until afterwards, she contracted and deeded without reservation as to this property and she cannot now rescind because she now says she did not know the legal effect of her deed.

"Under all the decisions of this court the mistake in this case was not a mistake of fact, but a mistake of law As heretofore set out in this opinion, there was no mistake or difference of opinion, there was no difference of opinion as to the facts surrounding this title there was only error of law in applying the law to such facts."

The judgment of the trial court is contrary to the weight of the evidence and is reversed, with directions to enter judgment for defendants.

RILEY, PHELPS, CORN, GIBSON, and DAVISON, JJ., concur. OSBORN, C. J., and HURST, J., dissent. PHELPS, J., absent.