## HOLLOWAY v. WARD et al.

No. 10439—Opinion Filed Dec. 20, 1921.

Rehearing Denied Jan. 17, 1922.

(Syllabus.)

1. **Deeds—Grounds for Cancellation—Mere Mistake of Law.**

A mere mistake of law, not accompanied by other circumstances demanding equitable relief, constitutes no ground for rescission, cancellation, or reformation of a deed to lands based upon such mistake.

2. **Appeal and Error — Review—Erroneous Grounds for Correct Decision.**

Where a judgment or order is correct, it will not be reversed on appeal because the trial court has based its decision on erroneous and insufficient grounds.

Error from District Court, Okfuskee County; Geo. C. Crump, Judge.

Action by Robert Holloway against · A. W. Ward and others to quiet title and for possession. From the judgment, the plaintiff brings error. Affirmed.

Wm. S. Peters, for plaintiff in error.

Martin L. Frerichs and J. C. Wright, for defendants in error.

McNEILL, J. This action was commenced in the district court of Okfuskee county by Robert Holloway against Joe McCormick, A. A. Ward, Angeline Rogers, administrator of Henry Rogers, deceased, Edwin A. Welty, George Lehmer, and Elizabeth Geiger to recover possession of and to quiet title to certain lands.

The material facts may be summarized as follows: Sarah Holloway, an enrolled Creek freedman, died possessed of her allotment, being 160 acres of land in Okfuskee county, and left surviving her the plaintiff and a daughter, Lucinda Holloway, both enrolled Creek freedmen, as her sole heirs at law. Lucinda Holloway and the plaintiff partitioned said land, each taking one-half thereof. Thereafter Lucinda Holloway married Leonard McCormick. ·In August, 1909, Leonard McCormick killed his wife, Lucinda Holloway McCormick. At the time of the death of Lucinda Holloway McCormick she was the owner of the portion of the allotment inherited from her mother and a portion of her own allotment. Immediately after Leonard McCormick killed his wife, he killed himself. The McCormicks were not members of the Creek tribe, and were never enrolled as such, and were noncitizens of the Five Civilized Tribes. Lucinda McCormick died without issue, without mother or father, but leaving her husband, Leonard McCormick,

and the plaintiff herein, her brother. Leonard McCormick died without issue, and his father, Joe McCormick, was his heir at law. Under this state of facts, Joe McCormick contended that upon the death of Lucinda Holloway McCormick, she dying without issue, one-half of her real estate descended to Leonard McCormick, her husband, and one-half to her brother, the plaintiff herein. That upon the death of Leonard McCormick the land inherited by him descended to Joe McCormick, his only heir.

In May, 1910, Joe McCormick brought suit in the district court of Okfuskee county against Robert Holloway to partition said lands, said Robert Holloway being a minor, and not reaching his majority until in November, 1912. The plaintiff's guardian filed an answer in said cause, and Luther McCormick intervened, claiming to be an illegitimate child of Leonard McCormick and contending that his father, Leonard McCormick, inherited one-half of said land, and the intervener, being the child of Leonard McCormick, upon his death inherited all his estate. The court decreed Luther McCormick one-half interest and Robert Holloway one-half interest in the land of Lucinda McCormick and appointed commissioners to appraise and partition said land. From said decision Joe McCormick appealed to this court, being case No. 3261. (Holloway v. McCormick et al., 41 Okla. 1, 136 Pac. 1111). This court reversed the decision of the district court and rendered judgment decreeing Joe McCormick to be the owner of an undivided one-half interest in the land, and the plaintiff the other half.

When the case was reversed and remanded to the district court of Okfuskee county, the plaintiff herein had reached his majority. Instead of having the commissioners partition said land, Joe McCormick and the plaintiff entered into a written contract, and selected three arbitrators for the purpose of partitioning said land. There was some difficulty over the agreement, but finally the plaintiff herein executed a deed to McCormick for one-half interest in the land. The court costs had not been paid, and a large amount of taxes were due, and were a lien on the land, and it became necessary to borrow money to discharge the liens on said land. An application was made to Welty, who refused to ·make a loan until the title was ·cleared up. He advised if both parties would make a deed to Mrs. Coffman to the land, and if Mrs. Coffman would execute the mortgage to him, and the money was used to pay the costs and taxes due against said land, if his attorney would approve the title he would make the loans. This was done.

Thereafter Mrs. Coffman then transferred a portion of the land back to McCormick and a portion of the land to Henry Rogers. McCormick then deeded a portion of the land to Ward, and executed a mortgage to Lehmer on the part retained by him.

The plaintiff, Holloway, in 1917 commenced this action against McCormick and his assignees to recover possession of the land that was deeded to McCormick in the year 1914, alleging no consideration for the deed except the judgment in the district court, being the partition suit, which plaintiff claimed was void, and further pleaded that the deed was obtained by fraud. The case was referred to the referee, who made certain findings of fact and conclusions of law. The referee found at the time of executing the deed the land was incumbered with taxes in the sum of $750, and it was represented to Holloway that he would be unable to mortgage said land and obtain said money to satisfy said liens unless he executed a conveyance to McCormick. The referee found that there was no duress practiced upon Holloway to get him to execute the said deed. The referee found that the conveyance to McCormick was valid.

The district court found that in the partition proceedings the plaintiff, beng a minor, was not served with summons according to law and the judgment was therefore void. The court, however, held that all the parties who acquired liens and purchased the property from McCormick were innocent purchasers. The court found that McCormick was the owner of and in possession of 42½ acres of land, and set the conveyance aside as to that land and quieted the title in plaintiff against the defendant McCormick subject to a mortgage of $880 in favor of Lehmer. The court further rendered judgment against McCormick in the sum of $588 for rents and profits and $880, the amount McCormick encumbered the land to Lehmer. As to the land conveyed to defendant Ward, the court quieted the title in Ward, as against the plaintiff, and regarding the land transferred to Rogers held the title in the heirs was good.

From said judgment the plaintiff has appealed. The defendant Joe McCormick failed to appeal from the judgment as to him, so the only question involved is whether the conveyance and mortgages held by the defendants should be canceled, set aside, and held for naught. The trial court found that the deed executed by Holloway to McCormick was supported by no consideration except a void judgment. In this we think the trial court was in error. This deed was executed, according to the undisputed evidence, in settlement of a controversy existing between McCormick and the defendant Holloway. McCormick was claiming an undivided one-half interest in this land. The attorney for plaintiff in this case was connected with the transaction, and testified at the time he honestly believed that McCormick had a one-half interest in the land. He was of the opinion that as a matter of law McCormick had inherited the same.

This court, in the case of Campbell v. Newman, 51 Okla. 121, 151 Pac. 602, held as follows:

"A mere mistake of law, not accompanied by other circumstances demanding equitable relief, constitutes no ground for rescission, cancellation, or reformation of a deed to lands based upon such mistake."

The same principle was announced in the case of Palmer v. Culley, 52 Okla. 454, 153 Pac. 154.

The evidence failed to disclose any fraud or duress in procuring this deed. The evidence is undisputed that McCormick was demanding a partition of the property which he claimed he owned an undivided one-half interest in. That he had reason to believe that he was the owner of one-half interest in the property, and that his claim was honest is supported by the opinion rendered by this court. The plaintiff's attorney himself testified that at the time of making the deed he believed as a matter of law that McCormick was entitled to and was the owner of an undivided one-half interest in the land. Without deciding as a matter of fact whether McCormick inherited any of the land or not, the parties honestly thought so, and this deed was made as a settlement of that claim. This was a sufficient consideration to support the deed. See Hayes v. Smith, 65 Okla. 113, 164 Pac. 470. Holloway, at the time, was of lawful age, the land was unrestricted. Holloway had a right to sell the land, give it away, or do whatever he desired to do with the same. Under those facts we think the court committed error in holding the deed from Holloway to McCormick void for want of consideration. McCormick has not appealed from the decision, and the judgment in so far as he is concerned is final. The trial court, however, held the other defendants were innocent purchasers and refused to set aside the conveyance as to them. Without deciding this question, this court will not disturb that judgment, it being correct, although the trial court based the judgment upon an erroneous ground. Such was the holding in the case of Hodgins v. Hodgins, 23 Okla. 625, 103 Pac. 711, wherein this court stated:

"Where a judgment or order is correct, it will not be reversed on appeal because the trial court has based its decision on erroneous and insufficient grounds."

Having reached this conclusion, it is unnecessary to consider any of the other questions raised by the appeal.

For the reasons stated, the judgment of the court is affirmed.

HARRISON, C. J., and PITCHFORD, ELTING. and NICHOLSON, JJ., concur.