**WATASHE v. TIGER et al.**

No. 10350—Opinion Filed April 4, 1922.

Rehearing Denied Jan. 2, 1923.

(Syllabus.)

1. **Appeal and Error—Special Findings of Fact—Record.**

Upon the trial of questions of fact by the court, if timely request is made therefor, it is the duty of the court to make specific findings of fact and conclusion of law, and if these are entered upon the journal, they become a part of the record; but where the court voluntarily makes specific findings of fact, not upon the request of one of the parties to the cause, although made in writing, the same is not a part of the record, and will be treated as a general finding only.

2. **Appeal and Error—Questions of Fact—Review—Effect of General Finding.**

In a civil action, triable to the court, where the finding of the court is general, such finding is a finding of each specific thing necessary to sustain the general finding; and where such finding is not clearly against the weight of the evidence, the judgment will be affirmed.

3. **Deeds—Cancellation—Grounds—Mistake of Law.**

A mere mistake of law, not accompanied by other circumstances demanding equitable relief, constitutes no ground for rescission or cancellation of a deed to lands based upon such mistake.

4. **Same—Inadequacy of Consideration.**

Generally, mere inadequacy of consideration, in the absence of fraud or duress, is not sufficient ground to avoid a deed voluntarily and regularly executed.

5. **Indians—Validity of Deed — Evidence—Sufficiency.**

Record examined, and held, that the judgment of the trial court is not clearly against the weight of the evidence.

Error from District Court, Creek County; Mark L. Bozarth, Judge.

Action by Wiley Watashe against Ada Tiger and others to cancel deed. Judgment for defendants, and plaintiff brings error. Affirmed.

Robert L. Keenan and T. L. Blakemore, for plaintiff in error.

Thrift & Davenport, for defendants in error.

NICHOLSON, J. In this case the plaintiff in error, who was plaintiff below, sought to cancel a quitclaim deed from himself to Ada Tiger, a minor, one of the defendants, by which he conveyed to her all his right, title, and interest in and to the lands allotted to Minnie Cah-tah-wan and Lucinda Cah-tah-wan, both deceased, who were half sisters of Ada Tiger.

The plaintiff contends that he inherited one-half of the lands of Minnie Cah-tah-wan because of a common law marriage with her, and by reason of such marriage also inherited one-fourth of the lands of Lucinda Cah-tah-wan, a sister of Minnie. In his petition the plaintiff alleged, in substance, that on the 19th day of April, 1915, he executed the deed in question to F. S. Lozier, the duly appointed, qualified, and acting guardian of Ada Tiger, the consideration therefor being the sum of $75; that he is a full-blood Creek Indian and was at the time of the execution of the said deed 23 years of age, ignorant, illiterate, unable to speak, read, or write the English language, except to barely write his name and understand when spoken to; that he was wholly inexperienced in business matters, knew nothing

about the law of descent and distribution, or of his rights in said lands by reason of his relationship with his said wife; that he had never bought or sold any real estate and knew nothing about the value of the land in question, or land values in Creek county. He further alleged that F. S. Lozier, with whom he was dealing, was a shrewd, educated, designing, scheming business man of broad business experience, noted in the community in which he resided for driving sharp bargains, who knew the value of said lands; knew the marriage relation that existed between the plaintiff and Minnie Cahtah-wan; knew the laws of descent and distribution governing the devolution of title; and knew the interest of plaintiff in said land.

It is further alleged that Lozier represented to the plaintiff that plaintiff was not legally married to said Minnie Cah-tahwan, because he had not obtained a license and the ceremony had not been performed by a minister of the gospel, and because of that fact the plaintiff was not entitled to inherit anything; that plaintiff, relying upon said representations, executed the deed in question for the consideration named, which deed was duly approved by the county court of Creek county, the court having jurisdiction of the settlement of the estate of the deceased allottees; that said consideration was grossly inadequate and unconscionably low; that said land was at that time of the reasonable value of $2,400, which was known to Lozier, and that Lozier also sought to intimidate plaintiff with the threat of litigation.

The defendant Ada Tiger, by her guardian ad litem, answered, denying the existence of the marriage relation; admitted the execution of the deed, but averring that it was taken in good faith; that there was no fraud or deception on the part of Lozier, but that said deed was executed and the consideration paid as a compromise of a pretended claim by plaintiff that he had some right, title, or interest in or to said lands. The trial court rendered judgment for the defendants, to reverse which this proceeding in error was commenced.

At the time of the rendition of the judgment, the court made and filed findings of fact in which it was found that the plaintiff was a full-blood Indian, unable to read the English language, and could speak English but very little; that he had little or no business experience and little or no knowledge of values of real estate in the vicinity of the land involved; that F. S.

Lozier was an educated man of broad business experience, acquainted with the values of real estate in the vicinity where the land involved is located; that just prior to the execution of the deed in question Lozier represented to the plaintiff that he, plaintiff, had no interest in the land involved by reason of the fact that he and Minnie Cahtah-wan were not formally married through a licensed ceremony, but that such representations were made in good faith. The court found that a common-law marriage existed between the plaintiff and Minnie Cahtah-wan, and further found that the plaintiff knew that it was a deed that he was executing and understood the transaction between himself and Lozier, by which he conveyed whatever interest he had in and to the land to Ada Tiger; that he understood the nature of the proceedings on the hearing for the approval of the deed; that he at said hearing was represented by the probate attorney; that there was no fraud in connection with said proceedings resulting in the approval, and no fraud was perpetrated upon the plaintiff at that time or prior thereto by F. S. Lozier or anybody else acting for Ada Tiger, and that the proceedings had in the county court relating to the approval of said deed were in compliance with the laws relating to such matters, and the court concluded as a matter of law that the plaintiff was not entitled to recover in said action. To these findings and this conclusion plaintiff excepted.

The plaintiff first insists that the specific findings of fact are inconsistent with the judgment, and in view of the fact that the court found that there was a common-law marriage between the plaintiff and Minnie Cah-tah-wan and that Lozier represented the plaintiff that he, the plaintiff, was not entitled to the land in question because he had not been formally married to Minnie Cah-tah-wan through a licensed ceremony, that under these findings the plaintiff was entitled to a decree canceling the deed.

The record shows that the case was submitted to the court on October 19, 1917, and the court then requested that briefs be submitted; on March 1, 1918, the "findings of the court" were filed, but nowhere does it appear that either of the parties requested the court to state its findings of fact.

By section 5017, Revised Laws 1910, it is made the duty of the court, upon the trial of questions of fact, to state its findings upon the request of either party, but, in the absence of such request, it is not necessary

for the court to make other than general finding for either the plaintiff or defendant, and such request must be made before the decision of the court is announced. German State Bank of Elk City v. Ptachek et al., 67 Okla. 176, 169 Pac. 1094. These findings of fact, having been made without the request of either party and being voluntary on the part of the court, amounted to no more than a general finding, and will be so considered by this court. United States v. C., O. & G. Ry. Co., 3 Okla. 404, 41 Pac. 729; Grand Lodge A. O. U. W. v. Furman, 6 Okla. 649, 52 Pac. 932; Guss v. Nelson, 14 Okla. 296, 78 Pac. 107; Gates v. Settlers Milling, etc., Co., 19 Okla. 83, 91 Pac. 856; Holt v. Spicer, 65 Okla. 17, 162 Pac. 686; Ruby v. Warrier, 71 Oklahoma, 175 Pac. 355.

In the journal entry of judgment which was filed on June 6, 1918, the court merely found the issues in favor of the defendants and against plaintiff. It is this general finding that governs, and as this is a finding of each specific thing necessary to sustain the general finding, unless such general finding is clearly against the weight of the evidence, the judgment will not be disturbed. Gorman et al. v. Carlock, 72 Oklahoma, 179 Pac. 38.

It is next contended that the plaintiff should prevail because of the alleged representations made to him by Lozier, viz., that he had no interest in the land because he and Minnie Cah-tah-wan were not married. This contention is, of course, based upon the specific finding of the trial court that a common-law marriage existed, but this special finding having been eliminated from our consideration, we are to deal only with the general finding in favor of the defendants, and this finding negatives any fraud on the part of Lozier. It is conceded that there was a disparity between the mental capacity of plaintiff and Lozier, and that Lozier in good faith represented to the plaintiff that he had no interest in the land, but it does not appear that the plaintiff relied upon this representation.

At the hearing before the county court seeking the approval of the deed, the plaintiff was represented by the United States probate attorney, who asked the following question:

"Wiley, if under the law, it is found that you own one-half of this property, would you then want to sell it for $75?"

To which the plaintiff replied:

"I don't want to be bothered with it. We wasn't married under the law and I don't want to be bothered with it. If I knew I

had an interest in the land, but I do not know and think I had better take $75 and let it go."

It thus appears that the plaintiff knew he was conveying all his interest in the land for $75, and, as no fraud or inequitable conduct on the part of Lozier is shown, and all the facts surrounding or connected with the common-law marriage were within the knowledge of the plaintiff, the mistake, if any, was a mere mistake of law, which does not constitute grounds for rescission or the cancellation of the deed. Campbell v. Newman, 51 Okla. 121, 151 Pac. 602; Palmer v. Culley et al., 52 Okla. 454, 153 Pac. 154; Holloway v. Ward, 84 Okla. 247, 203 Pac. 217; 2 Pomeroy's Equity Juris., sec. 842.

The deed in question was voluntarily executed and duly approved by the county court after hearing, with all the facts before the court, and it is not charged that fraud was perpetrated upon the court. Section 9 of the act of Congress of May 27, 1908, 35 Stat. at L. 315, provides that no conveyance of any interest of any full-blood Indian heir shall be valid unless approved by the county court having jurisdiction of the settlement of the estate of the deceased allottee, but nowhere is there any provision requiring, as a condition precedent to the validity of a deed conveying such lands, that the consideration should be commensurate with the value of the property conveyed. The object of requiring the approval was to place the Indian on an equal footing with the purchaser, and the purpose of the approval was to require a disinterested agency to examine into the transaction and determine whether the Indian had been overreached. This investigation was had in the case at bar, and the court approved the conveyance. Under the circumstances of this case, the plaintiff could convey his interest in the land to Ada Tiger, the minor sister of Minnie Cah-tah-wan, his alleged wife, for the consideration named, or any other valuable consideration, and the proper agency having approved the conveyance, the title passed, and the plaintiff could not thereafter repudiate the conveyance because of the mere inadequacy of the consideration. Hope v. Foley, 57 Okla. 513, 157 Pac. 727.

As a general rule, mere inadequacy of the consideration, in the absence of fraud or duress, is not sufficient to avoid the deed. Lewis v. Allen, 42 Okla. 584, 142 Pac. 384; Henley v. Davis, 57 Okla. 45, 156 Pac. 337; McKeever v. Carter et al., 53 Okla. 360, 157 Pac. 56; Barker v. Wiseman, 51 Okla. 45, 645, 151 Pac. 1047; Devlin on Deeds (3rd Ed.) sec. 806.

There is a conflict in the evidence upon the question of the existence of the common-law marriage, but a careful examination of the entire record convinces us that the judgment of the trial court is not clearly against the weight of the evidence. The judgment is therefore affirmed.

HARRISON, C.J., and PITCHFORD, McNEILL, and ELTING, JJ., concur.