## BARNETT v. DOUGLAS et al.

### (TIDAL OIL CO. et al., Interveners).

No. 13351—Opinion Filed April 29, 1924.

Rehearing Denied June 10, 1924.

(Syllabus.)

**1. Deeds—Reformation—Mistake of Law.**

A mere mistake of law, not accompanied by other circumstances demanding equitable relief, constitutes no ground for reformation of a deed to lands based on such mistake.

**2. Contracts—"Mistake of Law."**

A mistake of law happens when a party, having full knowledge of the facts, comes to an erroneous conclusion as to their legal effect. It is a mistaken opinion or inference arising from an imperfect or incorrect exercise of the judgment upon the facts as they really are. Palmer v. Culley, 52 Okla. 454, 153 Pac. 154.

**3. Deeds—Reformation—Mistake of Law—Land Titles.**

Where the parties to a deed, have full knowledge of the facts upon which the grantor's interest in the land conveyed is based, but are mutually mistaken as to the interest of such grantor in the land, because of an erroneous conclusion as to the law of descent, this constitutes a mistake of law and, unless accompanied by other circumstances demanding equitable relief, constitutes no ground for reformation of the deed based upon such mistake.

**4. Same—Defensive Evidence.**

When a plaintiff seeks to have a deed reformed because of mutual mistake and introduces in evidence various written documents for the purpose of establishing such mistake, oral evidence tending to show that the deed expressed the true intention of the parties and that the facts were fully stated to the grantor prior to the execution of the deed may be admitted.

**5. Same—Refusal of Reformation.**

An examination of the record in this case discloses that the deed in controversy was not executed through mistake of fact or of law and that the plaintiff is not entitled to a reformation of the deed.

Error from District Court, Okfuskee County; John L. Norman, Judge.

.Action by David Barnett against O. H. Douglas and another; the Tidal Oil Company and others, interveners. Judgment for defendants, and plaintiff brings error. Affirmed.

Don Cameron, W. E. Foster, and W. W. Hastings, for plaintiff in error.

Fred M. Carter, C. M. Gordon, and Phillips & Douglas, for defendant in error.

W. C. Franklin, J. C. Wilhoit, L. L. Cowley, and Cochran & Ellison, for interveners.

COCHRAN, J. Robert Barnett, a full-blood citizen of the Creek Nation, died September 23, 1912, leaving surviving a father, David Barnett, and the following brothers and sisters, who were the children of David Barnett and Nancy Barnett, to wit: Jimmie, Mary, Nellie, and Ida. Nancy Barnett, the mother of Robert Barnett, was dead at the time of his death. Robert Barnett left an allotment of land which is in controversy in this suit. On March 1, 1913, David Barnett, Jimmie Barnett, Nellie Barnett, and David Barnett, as guardian of Ida Barnett and Mary Barnett, executed and delivered to O. H. Douglas and W. M. Bell a warranty deed conveying to them the lands in controversy. This deed was approved by the county court of Okmulgee county on March 1, 1913. This action was brought by David Barnett to reform the warranty deed executed March 1, 1913, on the ground that David Barnett was of the opinion that he owned only an undivided one-half interest in said property at the time the deed was executed, whereas he owned the entire title, and that the grantees in said conveyance contracted to purchase from him only an undivided one-half interest and represented to him that he owned only an undivided one-half interest in said property, but that the deed was erroneously drawn so as to convey the entire title. It was further contended that the deed was executed through a mutual mistake of all the parties to the instrument, in that all of said parties were of the opinion that David Barnett owned only an undivided one-half interest in said property at the time the deed was executed and that the other one-half interest was owned by the children of Nancy Barnett, deceased. Judgment was rendered for the defendants, from which judgment the plaintiff has appealed.

It is first contended that the record shows that David Barnett did not intend to convey but a one-half interest in said land by the deed of March 1, 1913. To support this contention the plaintiff calls attention to the following evidence: (1) That the grantees not only negotiated with David Barnett for the purchase of the land, but also negotiated

with the children of Nancy Barnett, and arranged for said children, as well as David Barnett, to sign all of the conveyances; (2) the warranty deed of March 1, 1923, recites that David Barnett, Jimmie Barnett, Nellie Barnett, and David Barnett, as guardian of Ida Barnett and Mary Barnett, minors, are "the lawful heirs of Robert Barnett, deceased," and that they "bargain, sell and convey to the said O. H. Douglas and W. M. Bell" the land in question; (3) David Barnett, as guardian of Ida Barnett and Mary Barnett, minors, filed a petition in the county court of Okmulgee county for authority to join in the conveyance of the land by the adult heirs, in which it was recited that the minors were each the owners of an undivided one-eighth interest in the land, and also referred to David Barnett and the children of Nancy Barnett as the sole surviving heirs of Robert Barnett, and also recited that the adult heirs had conveyed all of their interest in said lands to O. H. Douglas and W. M. Bell, and requested authority for the guardian to join in the sale and conveyance of said lands for the consideration specified; (4) an order of the county court entered on March 1, 1923, authorizing David Barnett to join in the conveyance of the lands to O. H. Douglas and W. M. Bell, which order contained practically the same recitations as contained in the petition; (5) a report of David Barnett as guardian of the minors to the county court of his action in joining in the conveyance of the land and reciting the sale of the interest of the minors and the consideration received therefor; (6) an order of confirmation of the county court confirming the action of David Barnett, as guardian of Ida Barnett and Mary Barnett, approving the action of the guardian in making a sale of the minors' interest; (7) testimony taken by the county court at the time of the approval of the full-blood conveyance; (8) the order of the county court approving the full-blood conveyance dated March 1, 1913, which recited that Robert Barnett died intestate and without issue, "but left as sole surviving heirs at law David Barnett, his father; Jimmie Barnett, his brother; Nellie Barnett, his sister; George Barnett, his brother; Ida Barnett, his sister; and Mary Barnett, his sister," and "that the mother of said Robert Barnett was named Nancy Barnett, and was enrolled on the said rolls opposite No. 4496; that the said Nancy Barnett, mother of the said Robert Barnett, died in Okmulgee county, Okla., during the month of January, 1912; that the said David Barnett, Jimmy Barnett, and Nellie Barnett, as heirs of Robert Barnett, did on the 1st day of March, 1913, sell and convey all their right,

title, and interest in and to said land to O. H. Douglas and W. M. Bell, for the express consideration of $2,800," and the court found that the above amount "is a fair, reasonable, and adequate consideration for the right, title, and interest of said David Barnett, Jimmie Barnett, and Nellie Barnett, as heirs of Robert Barnett in and to said lands." The court further found that Robert Barnett left surviving him as the sole and only heirs at law, David Barnett, his father; Jimmie Barnett, his brother; and Nellie Barnett, and Mary Barnett, his sisters; (9) the sworn petition for approval of the full-blood deed, which contained practically the same recitations as contained in the order of approval; (10) that a check for the entire purchase price of the land was delivered to David Barnett, but was divided between David Barnett and the children of Nancy Barnett; (11) that the procedure provided by section 22 of the act of Congress of April 26, 1906, for minor heirs to join in the conveyance by adult heirs was followed in this case; (12) that at the time the conveyance was made there was great diversity of opinion as to what law of descent and distribution was in force; that some were of the opinion that upon the death of Robert Barnett one-half of the estate was inherited by his father, David Barnett, and the other one-half by his mother, while others contended that David Barnett inherited the entire title.

An examination of all of the testimony referred to, including the written instruments, convinces us that it is impossible to say therefrom that David Barnett only intended to convey an undivided one-half interest in the lands to the grantees by the deed of March 1, 1912. On the contrary, this testimony, without other evidence showing the intention of the parties, shows that all of the parties who signed the warranty deed of March 1, 1912, intended to convey whatever interest they had in the property; that the parties executing the deed were of the opinion that the children of Nancy Barnett had an interest in said property and that David Barnett was not the sole heir, but, although being of that opinion, it was the intention to convey whatever interest they had. We agree with the contention of the plaintiff that the deed and all the papers presented to the court in connection with the execution of the same should be taken and considered together in determining the intention of the parties, as separate instruments or deeds executed at the same time and in relation to the same subject-matter may be taken together and construed as the one instrument. Construing all of these instruments together, without the aid of other testimony, we would conclude as follows: First, that all of the parties were of the opinion that the children had an interest in the property conveyed; second, that all of the parties executed the deed intended to convey all of their interest in the property regardless of the amount owned by each.

The plaintiff contends that the evidence shows a mutual mistake of the interest in the land owned by David Barnett, and that such mutual mistake of fact entitles the plaintiff to a reformation of the instrument. The plaintiff quotes extensively from Barnett v. Kunkle, 266 Fed. 644, in which a deed was reformed which purported to convey all of the interest of the grantor, but which was executed by him under a mistake and belief that he owned only a one-half interest in the property, whereas he owned the entire property, and where it was represented to him by the grantee that he was the owner of only an undivided one-half interest in the property, and the first paragraph of the syllabus is quoted, which is as follows:

"A mutual mistake as to the interest of the grantor in the land is a mistake of fact, not of law, though induced by a mistaken view of the law."

The law there announced is based to a large extent on the statements in Pomeroy, Equity Jurisprudence, section 849.

In the case of Barnett v. Kunkle, supra, the grantor was entitled to equitable relief because the mistake of law was accompanied by other circumstances demanding equitable relief, to wit, the mental incapacity of the grantor and the representations made to him by the grantee as to the nature of his interest, but the law announced in the first paragraph of the syllabus of that case, and the general statement contained in Pomeroy, Equity Jurisprudence, is in direct conflict with the doctrine announced by this court and repeatedly followed. In the note to section 849, Pomeroy, Equity Jurisprudence, the cases of Campbell v. Newman, 51 Okla. 121, 151 Pac. 602, and Palmer v. Cullen, 52 Okla. 454, 153 Pac. 154, decided by this court, are cited as announcing a rule contrary to that announced in the text. In Campbell v. Newman, 51 Okla. 121, 151 Pac. 602, the syllabus is as follows:

"A mere mistake of law, not accompanied by other circumstances demanding equitable relief, constitutes no ground for rescission, cancellation, or reformation of a deed to lands based upon such mistake.

"The father and mother, members of the Chickasaw Nation, of less than one-half blood, for a valuable consideration, joined

in executing a warranty deed conveying to their minor son a part of the allotment of their deceased daughter, who died intestate, unmarried, and without issue, believing that they owned a life estate in the allotment, when under the law of descent the father owned the fee therein. Held, that after the father discovers that he was mistaken in the law of descent, under which the allotment of the deceased daughter was cast, he cannot maintain an action to cancel the deed to his son and to quiet title to the land conveyed on the ground of 'mistake of law.'"

In Palmer v. Culley, 52 Okla. 454, 153 Pac. 154, it is said in the syllabus:

"A mistake of law happens when a party, having full knowledge of the facts, comes to an erroneous conclusion as to their legal effect. It is a mistaken opinion or inference arising from an imperfect or incorrect exercise of the judgment upon the facts as they really are."

"A mere mistake of law, not accompanied with other circumstances demanding equitable relief, constitutes no ground for rescission, cancellation, or reformation of a deed based upon such mistake."

Campbell v. Newman, supra, has been followed by this court in Bell v. Bancraft, 55 Okla. 306, 155 Pac. 594; Holloway v. Ward, 84 Okla. 247, 203 Pac. 217; and Watashe v. Tiger, 88 Okla. 77, 211 Pac. 415.

We adhere to the rule announced in those cases, and, applying the rule announced in Palmer v. Culley, supra, to the evidence which the plaintiff contends should be considered, we conclude that such evidence discloses a mistake of law and not a mistake of fact, that all parties had full knowledge of the facts and came to an erroneous conclusion as to their legal effect. Such a mistake of law constitutes no grounds for reformation of the deed.

The record discloses, however, that there was neither mistake of fact nor of law in this transaction; that David Barnett was advised by those who were present at the negotiation for the sale of the property that he was the owner of the entire interest in said property and that the proceeds from the sale thereof were divided by him with his children with such knowledge that he was entitled to all of the same under the law. Other than the evidence which we have referred to above, the plaintiff introduced no evidence showing or tending to show that David Barnett did not have full knowledge of his legal rights. It was alleged in plaintiff's petition that the grantees advised him that he was the owner of only an undivided one-half interest in said property, but in testifying in that regard, the record shows the following:

"Q. Did Mr. Douglas or Mr. Bell or the court tell you then or any other time, that you owned all of this land? A. No, sir; none of them told me that. Q. What did they tell you? A. I don't remember them telling me anything, but I understood from Jim it was between all of us."

The defendants introduced O. A. Morton, the attorney who prepared the papers, O. H. Douglas, one of the defendants, T. J. Farrar, who was United States field clerk at Okmulgee at the time of the execution of the deed, and Judge Mark L. Bozarth, who was the county judge approving the full-blood conveyance, and Ben Nicholas, who all testified that David Barnett was advised that he was the owner of the entire interest in said property, and that he did not have to divide the proceeds of the sale, and that David Barnett stated that he wanted his children to have a part of the money.

This testimony convinces us that there were no circumstances in connection with the sale entitling the plaintiff to equitable relief, and that David Barnett fully understood the facts in connection with the transaction and was advised that he was the owner of the entire estate in the land, and that he intentionally executed the conveyance for all of his interest in said property. While the children of Nancy Barnett also executed the deed, this was out of abundance of precaution to guard against any possible mistake of law relative to the inheritance.

It is contended by the plaintiff that the oral evidence in regard to the statements made to David Barnett as to his interest in the property was not admissible, and that such evidence should not be considered by this court. To support this contention the plaintiff refers to sections 5035 and 5042, Comp. Stats. 1921. Section 5035, provides:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument."

Section 5042 provides:

"When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible, subject, however, to the other provisions of this article."

The plaintiff contends that the oral evidence contradicted the written instruments which the plaintiff introduced in evidence and was inadmissible. The statutes above referred to have no application to the situation here presented, because the contract to sell the land was not a written contract,

and the various written instruments introduced in evidence, with the exception of the deed, were not contracts. The various instruments were admissible in evidence for the purpose of properly interpreting the deed and showing the intention of the parties, but the oral testimony was also admissible for that purpose. The only contract which was introduced in evidence was the deed. This contract the plaintiff sought to have changed, because it did not express the true intention of the parties and because of mutual mistake. The written instruments which plaintiff introduced in evidence were introduced for the purpose of showing that the deed did not express the intention of the parties. The oral evidence, which the plaintiff contends should not have been admitted, did not contradict the terms of the deed, but, on the contrary, proved that the deed correctly expressed the intention of the grantor and should not be changed. Such testimony was not inadmissible as contradicting the written contract, but was admissible in order to meet the issue raised by the plaintiff in attempting to show that the deed did not correctly express the intention of the parties.

The judgment of the trial court should be affirmed, and it is so ordered.

JOHNSON, C. J., and NICHOLSON, HARRISON, and WARREN, JJ., concur.