UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JESSICA M. TAYLOR, individually
and as Personal Representative of the
Estate of DAVID G. TAYLOR,
Deceased,

Plaintiff-Appellee,

v.

STATE FARM FIRE AND
CASUALTY COMPANY,

Defendant-Appellant.

No. 95-5207

ORDER
Filed August 18, 1999

Before **BALDOCK** , **EBEL** , and **LUCERO** , Circuit Judges.

Defendant-appellant State Farm petitions for rehearing of our June 11,

1999 order and judgment, in which the court affirmed the district court's award

of prejudgment interest and attorney's fees based on the Oklahoma Supreme

Court's answer to questions we previously certified to that court.

Upon consideration of the petition for rehearing and appellee's response,

the court concludes that the petition should be granted. An amended order and

judgment is attached.

Entered for the Court,
Patrick Fisher, Clerk of Court

By: Keith Nelson
     Deputy Clerk

                                                      **F I L E D**
                                           **United States Court of Appeals**
                                                     **Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**AUG 18 1999**

**FOR THE TENTH CIRCUIT**

**PATRICK FISHER**
                   **Clerk**

JESSICA M. TAYLOR, individually
and as Personal Representative of the
Estate of DAVID G. TAYLOR,
Deceased,

      Plaintiff-Appellee,

v.

STATE FARM FIRE AND
CASUALTY COMPANY,

      Defendant-Appellant.

No. 95-5207
(D.C. No. 94-C-253-BU)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **EBEL** , and **LUCERO** , Circuit Judges.

This is an appeal from an award of $16,608.14 in prejudgment interest and

$126,000.00 in costs and attorney's fees under Okla. Stat. Ann. tit. 36, § 3629(B)

against defendant State Farm in favor of plaintiffs David G. and Jessica M.

Taylor, who sued State Farm for failing to settle a claim under their homeowner's

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

insurance policy for hail damage to their house. [1] State Farm contended that:

(1) under Brashier v. Farmers Insurance Co., 925 P.2d 20 (Okla. 1996), § 3629(B) did not support the award of either prejudgment interest or costs and attorney's fees because the Taylors prevailed only on their claim of bad-faith refusal to settle a property loss and not on their contract claim (which was held to be time-barred); and (2) the Taylors expressly disclaimed their right to attorney's fees based on the common law of Oklahoma. The district court relied primarily on Thompson v. Shelter Mutual Insurance, 875 F.2d 1460, 1464 (10th Cir. 1989), an earlier case in which this court upheld an award of costs and attorney's fees under § 3629(B) to plaintiffs who had prevailed on claims of both breach of contract and bad faith.

Because the parties disagreed as to whether Thompson was dispositive in this case in light of Brashier, we certified the following questions to the Oklahoma Supreme Court:

> (1) To what extent, if any, does Brashier v. Farmers Insurance Co., 925 P.2d 20 (Okla. 1996), preclude trial court allowance of attorney fees and prejudgment interest under Okla. Stat. Ann. tit. 36,

---

[1] Mr. Taylor died on January 26, 1998. Mrs. Taylor was substituted for him by order filed on February 27, 1998. After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

-2-

§ 3629(B) in insurance bad faith cases in which the insured does not also recover on a contract claim?

(2) Following Brashier, are insurance bad faith claimants proceeding under Oklahoma law precluded from recovering attorneys fees and prejudgment interest in cases in which a claim is predicated on tort rather than contract?

In response to the first question, the Oklahoma Supreme Court answered that Brashier does not preclude a trial court from awarding attorney's fees and prejudgment interest under Okla. Stat. Ann. tit. 36, § 3629(B) in insurance bad faith cases in which the insured does not also recover on a contract claim. See Taylor v. State Farm Fire & Cas. Co., No. 89-677, ___ P. 2d ___, 1999 WL 318496, at *1 (Okla. May 18, 1999). The court held that § 3629(B) authorizes awards of attorney's fees and prejudgment interest, whether the theory of liability is based in contract or tort, "so long as the 'core element' of the damages sought and awarded is composed of the insured loss." Id.

In response to the second question, the Oklahoma Supreme Court answered that Brashier does not bar an attorney's fee award under § 3629(B) in tort claims for bad-faith refusal to settle a property loss. See id. The court held that prejudgment interest is also allowed under § 3629(B) "whenever (a) the insured is the prevailing party and (b) the damages for the insured loss were capable of ascertainment by reference to well-established market values." Id.

-3-

Applying the Oklahoma Supreme Court's answer to this appeal, we hold that § 3629(B) properly supports the district court's award of attorney's fees and costs to plaintiffs, but that the case must be remanded for additional proceedings related to the award of prejudgment interest, namely, to determine whether the insured property loss was ascertainable by reference to well-established market values and, if so, the amount thereof upon which prejudgment interest is to be awarded. The district court's order is therefore AFFIRMED in part and REVERSED in part, and REMANDED for additional proceedings in accordance with this order and judgment.

Entered for the Court

Carlos F. Lucero
Circuit Judge

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 11 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JESSICA M. TAYLOR, individually
and as Personal Representative of the
Estate of DAVID G. TAYLOR,
Deceased,

         Plaintiff-Appellee,

v.

STATE FARM FIRE AND
CASUALTY COMPANY,

         Defendant-Appellant.

No. 95-5207
(D.C. No. 94-C-253-BU)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** **

---

Before **BALDOCK** , **EBEL** , and **LUCERO** , Circuit Judges.

     This is an appeal from an award of $16,608.14 in prejudgment interest and

$126,000.00 in costs and attorney's fees under Okla. Stat. Ann. tit. 36, § 3629(B)

against defendant State Farm in favor of plaintiffs David G. and Jessica M.

Taylor, who sued State Farm for failing to settle a claim under their homeowner's

---

**     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

insurance policy for hail damage to their house.[1] State Farm contended that: (1) under Brashier v. Farmers Ins. Co., 925 P.2d 20 (Okla. 1996), § 3629(B) did not support the award of either prejudgment interest or costs and attorney's fees because the Taylors prevailed only on their claim of bad faith refusal to settle a property loss and not on their contract claim (which was held to be time-barred); and (2) the Taylors expressly disclaimed their right to attorney's fees based on the common law of Oklahoma. The district court relied primarily on Thompson v. Shelter Mutual Insurance, 875 F.2d 1460, 1464 (10th Cir. 1989), an earlier case in which this court upheld an award of costs and attorney's fees under § 3629(B) to plaintiffs who had prevailed on claims of both breach of contract and bad faith.

Because the parties disagreed as to whether Thompson was dispositive in this case in light of Brashier, we certified the following questions to the Oklahoma Supreme Court:

> (1) To what extent, if any, does Brashier v. Farmers Insurance Co., 925 P.2d 20 (Okla. 1996), preclude trial court allowance of attorney fees and prejudgment interest under Okla. Stat. Ann. tit. 36, § 3629(B) in insurance bad faith cases in which the insured does not also recover on a contract claim?

---

[1] Mr. Taylor died on January 26, 1998. Mrs. Taylor was substituted for him by order filed on February 27, 1998. After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

-2-

(2) Following Brashier, are insurance bad faith claimants proceeding under Oklahoma law precluded from recovering attorneys fees and prejudgment interest in cases in which a claim is predicated on tort rather than contract?

In response to the first question, the Oklahoma Supreme Court answered that Brashier does not preclude a trial court from awarding attorney's fees and prejudgment interest under Okla. Stat. Ann. tit. 36, § 3629(B) in insurance bad faith cases in which the insured does not also recover on a contract claim. See Taylor v. State Farm Fire & Cas. Co., No. 89-677, ___ P. 2d ___, 1999 WL 318496, at *1 (Okla. May 18, 1999). The court held that § 3629(B) authorizes awards of attorney's fees and prejudgment interest, whether the theory of liability is based in contract or tort, "so long as the 'core element' of the damages sought and awarded is composed of the insured loss." Id. That is the case here.

In response to the second question, the Oklahoma Supreme Court answered that Brashier does not bar an attorney's fee award under § 3629(B) in tort claims for bad-faith refusal to settle a property loss. See id. The court held that prejudgment interest is also allowed under § 3629(B) "whenever (a) the insured is the prevailing party and (b) the damages for the insured loss were capable of ascertainment by reference to well-established market values." Id. That is also the case here.

-3-

Applying the Oklahoma Supreme Court's answer to this appeal, we hold that § 3629(B) properly supports the district court's award of prejudgment interest and costs and attorney's fees to plaintiffs.  The district court's order is therefore AFFIRMED.

Entered for the Court


Carlos F. Lucero
Circuit Judge